(Reap. Dec. 9446)

KURT ORBAN COMPANY, INC. *v.* UNITED STATES

Entry Nos. 4317 ; 2731 ; 2954.

*Sharretts, Paley & Carter* (*Howard C. Carter* of counsel) for the plaintiff.

*George Cochran Doub*, Assistant Attorney General (*Daniel I. Auster*, trial attorney), for the defendant.

LAWRENCE, Judge: The three appeals for a reappraisement enumerated in the schedule attached hereto and made a part hereof have been consolidated for the purposes of trial and determination.

The merchandise consists of steel plates and cooperage hoops exported from Germany. The steel plates were appraised at values higher than the entered value and the cooperage hoops were appraised at the entered value, plus the amount of the inland freight.

There is no dispute that export value, as that value is defined in section 402(d) of the Tariff Act of 1930 (19 U.S.C. § 1402(d)), constitutes the proper basis for appraisement of the merchandise in issue.

The evidence offered on behalf of plaintiff consists of an affidavit of Wilhelm Deussen of Stahlunion-Export, G.M.B.H. of Düsseldorf, Germany, shipper of the steel plates and cooperage hoops before the court. Due to its pertinence in determining the issue before the court, said affidavit, which was received in evidence as exhibit 1, is quoted in its entirety—

I am Wilhelm Deussen of Stahlunion-Export, G.m.b.h., in Düsseldorf, Germany and I have been associated with the company for 30 years.

The business of the company is the sale of various steel products, including plates, bars, cooperage hoops, pipe and oil country tubular goods for exportation to the United States and to other countries as representatives of various steel mills located in the West German Federal Republic. During all of the time I have been connected with the company, I have been directly concerned with the sale of the products handled by my company, and as a part of my duties, I have kept myself fully informed of the prices at which other producers of identical or commercially interchangeable grades and sizes of steel products have offered their merchandise for sale and for exportation to the United States and to other countries.

I am thoroughly familiar with the steel plates of open hearth quality sold to Kurt Orban Co., Inc., of New York which were covered by the following Consular invoices:

| Consular Invoice No. | Date |
| --- | --- |
| 4015 | November 9, 1950 |
| 4018 | November 9, 1950 |
| 811 | February 6, 1951 |

I am also thoroughly familiar with the cooperage hoops covered by Consular invoice No. 3981 of November 8, 1950. The prices shown on the aforesaid invoices truly and correctly show the actual purchase prices paid for the various products by Kurt Orban Co., Inc.

These products were offered for sale for exportation to the United States unconditionally and without any restrictions as to disposition, use, re-sale price, or any other restriction whatsoever, and the price did not vary with the quantity purchased. The merchandise was freely offered for sale, and sold, at the factory of our supplying mill, the producer thereof, and the mill and

several other competitive mills were the only market in Germany for the purchase and sale of such merchandise. The purchaser, or his agent, ordinarily accepts delivery of the merchandise at the factory, and all charges arising thereafter are for the account of, and are paid for, by the purchaser. At times, for the convenience of the purchaser, I offer this merchandise, and sell it, on an F.O.B. seaport basis, and these prices are determined by adding the inland freight and other charges (if any) to the ex-factory packed price.

On the respective dates of exportation of the merchandise listed below, the merchandise was freely offered for sale, and sold, as explained in the preceding paragraph, including any extra charges for width, length, thickness, or the like at the following F.O.B. seaport prices which included inland freight of $2.50 per metric ton for the steel plates and $3.00 per metric ton for the cooperage hoops (all packing charges included):

| Consular Inv. No. | Date Exported | Merchandise | F.O.B. Packed price |
|---|---|---|---|
| 4015 | Nov. 18, 1950 | Open hearth plates | |
| | | 30' x 72'' x 5/16'' | $92.50 per M/T |
| | | 30' x 84'' x 5/16'' | 92.50 per M/T |
| 3981 | Nov. 24, 1950 | Cooperage Hoops 2'' x 17 B.W.G. | 88.80 per M/T |
| 4018 | ditto | Open hearth plates | |
| | | 72'' x 204'' x 3/16'' | 82.10 per M/T |
| | | 67'' x 272'' x 1/4'' | 72.80 per M/T |
| 811 | Feb. 18, 1951 | Open hearth plates | |
| | | 120'' x 48'' x 10 USG | |
| | | 144'' x 48'' x 10 USG | |
| | | 120'' x 60'' x 10 USG | |
| | | 144'' x 60'' x 10 USG | 130.00 per M/T |
| | | 120'' x 48'' x 11 USG | |
| | | 144'' x 48'' x 11 USG | |
| | | 120'' x 60'' x 11 USG | |
| | | 144'' x 60'' x 11 USG | |

The foregoing prices are contained in the records of my company, which were kept under my direct supervision and which I know are correct. I have been unable to locate any offers of sale or sales to attach to this statement as corroboration thereof because such documents do not exist any longer.

By reason of my experience, as previously explained, I am aware of the prices at which other producers of identical or commercially interchangeable grades and sizes of steel products offered their merchandise for sale for consumption in Germany. It is my distinct recollection, corroborated by such records as I have, that the prices at which such merchandise was freely offered for sale, and sold, for consumption in Germany during this period were always lower than the freely offered price for exportation to the United States.

The defendant offered in evidence the commercial and consular invoice in each case and called as its witness Philip Grossman, customs examiner at the port of New York. He testified that he has handled merchandise of the type involved herein and is familiar with the issues in the present controversy. He stated that from time to time he receives information from Kurt Orban Company, Inc., plaintiff herein, with regard to prices paid by that company. The defendant offered in evidence a letter from said company, dated May 13, 1951,

which was received in evidence and marked defendant's exhibit A. Also received in evidence, as defendant's exhibit B, were two customs Forms 6431.

From the evidence introduced on behalf of plaintiff, which has not been materially contradicted by facts presented by the defendant, it appears that, as to the steel plates in issue, the entered values thereof, exclusive of export charges, represent the statutory export value of said merchandise, and that, with regard to the cooperage hoops, said value is represented by the entered and appraised value, less the charge for inland freight.

The court accordingly finds as facts—

1. That the merchandise consists of steel plates and cooperage hoops exported from Düsseldorf, Germany, via Rotterdam, Holland.

2. That, at the time of exportation of said merchandise, the factory was the principal market in the country of exportation for the offer and sale of such merchandise.

3. That, at the time of exportation, the price at which such or similar merchandise was freely offered for sale and sold for home consumption in the country of exportation was not higher than the prices for exportation to the United States, as set forth in the following finding of fact.

4. That, at the time of exportation, the prices at which such merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, were as follows, and that said prices did not vary with the quantities purchased:

| Reap. | Merchandise | Price |
|---|---|---|
| 254939–A | Steel plates | $130.00 per metric ton, less inland freight of $2.50 per M.T. |
| 254940–A | Steel plates | $92.50 per metric ton, less inland freight of $2.50 per M.T. |
| 264583–A | Cooperage hoops | $88.80 per metric ton, less inland freight of $3.00 per M.T. |
|  | Steel plates $\frac{3}{16}$" thick | $82.10 per metric ton, less inland freight of $2.50 per M.T. |
|  | Steel plates $\frac{1}{4}$" thick | $72.80 per metric ton, less inland freight of $2.50 per M.T. |

Therefore, the court holds as conclusions of law—

1. That export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, is the proper basis of value for the steel plates and cooperage hoops in issue, and

2. That such values are as set forth in finding of fact, number 4, *supra.*

Judgment will be entered accordingly.